UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY M. BASHAW,<br><br>          Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>          Defendant. | Case No. SACV 12-974 SJO (JC)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint and all of the records herein, including the partes' cross-motions for summary judgment (respectively "Plaintiff's Motion" and "Defendant's Motion"), the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and plaintiff's objections to the Report and Recommendation ("Plaintiff's Objections" or "Obj."). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections.

///

1   First, plaintiff argues that the ALJ erred in not finding a "closed period" of
2   disability from approximately a year before plaintiff's May 6, 2008 onset date
3   "until at least 4-5 months" following a September 16, 2009 Orthopedic
4   Consultation.  (Obj. at 1-2; Plaintiff's Motion at 3-4)).  Nonetheless, the medical
5   records plaintiff cites do not support such a finding.[1]  The June 9, 2008 notations
6   by plaintiff's orthopedic surgeon that over a year earlier plaintiff had been advised
7   that he was a "candidate for a total hip arthroplasty," and that in the interim
8   plaintiff "had other issues" including multiple "rectal fistula" surgeries (AR 354),
9   do not, as plaintiff suggests (Obj. at 2), demonstrate "without question" that
10  plaintiff was disabled during that year period.  Moreover, none of the records

---

[1]Plaintiff essentially contends that he was disabled for the "closed period" from mid-2007 through early 2010 based on the following:  (i) in a June 9, 2008 treatment note, Dr. James T. Caillouette, plaintiff's orthopedic surgeon, stated that "[Plaintiff] was seen previously over a year ago and advised he was a candidate for a total hip arthroplasty" and that plaintiff subsequently "had other issues" including multiple "rectal fistula" surgeries (AR 354); (ii) in a December 12, 2008 Operative Report, plaintiff's surgeon noted that anal fistula surgery was indicated, in part, because plaintiff "ha[d] bilateral osteoarthritis of his hips and [] pending orthopedic surgery and wishe[d] to have his orthopedic surgery ASAP given the fact that it was limiting his lifestyle" (AR 309-10); (iii) in a report dated January 30, 2009, Dr. Caillouette observed "[plaintiff's] x-rays demonstrate end-stage arthritis of the right hip with 4 pins present," "[plaintiff] presents for removal of hardware and conversion to total hip arthroplasty," "[plaintiff] walks with an antalgic gait on the right side," and "[t]here is reproducible pain with flexion and internal rotation of the right hip" (AR 281-82); (iv) on January 30, 2009, plaintiff underwent total right hip replacement surgery (AR 285-88); (v) On March 3, 2009, plaintiff underwent additional surgery to address complications in the right hip replacement (AR 371-72); (vi) on April 20, 2009 plaintiff's orthopedic surgeon noted that plaintiff was "having increasing problems on the left [hip]" with "endstage changes on [the left] side" (AR 360, 402); (vii) July 20, 2009 x-rays of plaintiff "reveal[ed] left hip pinning [with] severe osteoarthritis" (AR 402); (viii) on September 4, 2009, plaintiff underwent total left hip replacement (AR 388); and (ix) in the September 16, 2009 report of an orthopaedic consultation, Dr. John Simmonds opined, in pertinent part, that plaintiff would need approximately 4-5 months to recover from his hip replacement surgeries, during which period plaintiff's functional abilities would be significantly limited (AR 391).  (Plaintiff's Motion at 3-6; Obj. at 1-2).  In short, plaintiff appears to argue that his closed period of disability began when Dr. Caillouette first advised plaintiff that he was a "candidate for a total hip arthroplasty" (*i.e.*, in mid-2007 (AR 354)) and ended 4-5 months after plaintiff's September 4, 2009 right hip surgery (*i.e.*, in early 2010 at the end of the recovery period Dr. Simmonds identified (AR 391)).  (Plaintiff's Motion at 3-6; Obj. at 1-2).

plaintiff cites reflect that plaintiff had a disabling impairment or combination of impairments which lasted for more than 4-5 months. See Plaintiff's Motion at 4 (citing AR 281, 282, 285, 309, 354, 360, 371, 391, 402, 458). As the ALJ essentially noted, plaintiff did not submit an opinion from a "treating professional" who opines otherwise. (AR 25). Accordingly, it was wholly appropriate for the ALJ to rely on the state agency reviewing physicians' evaluation of plaintiff's medical records and the functional impact of such records rather than adopting plaintiff's currently asserted lay assessment of such records. See Gonzalez Perez v. Secretary of Health & Human Services, 812 F.2d 747, 749 (1st Cir. 1987) (ALJ may not "substitute his own layman's opinion for the findings and opinion of a physician"); Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985) (ALJ may not substitute his interpretation of laboratory reports for that of a physician); Winters v. Barnhart, 2003 WL 22384784, at *6 (N.D. Cal. Oct.15, 2003) ("The ALJ is not allowed to use his own medical judgment in lieu of that of a medical expert."). The Court declines plaintiff's invitation to second-guess the ALJ's reasonable interpretation of the foregoing medical evidence, even if such evidence could give rise to inferences more favorable to plaintiff. See Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).

Second, plaintiff's other claims based on the same unsupported analysis (*i.e.*, that the ALJ erred in not finding an impairment or combination of impairments that met or equaled a listed impairment, the ALJ improperly evaluated the medical opinion evidence and, as a result, the ALJ posed an incomplete hypothetical question to the vocational expert) (Plaintiff's Motion at 2-8, 11-13; Obj. 2-5, 7-11), do not warrant a reversal or remand.

Finally, plaintiff's claim that the ALJ's credibility assessment was inadequate is, at least in part, premised on several misinterpretations of the record and, therefore, does not warrant a reversal or remand. For example, the ALJ did

not, as plaintiff now contends, discount plaintiff's credibility because plaintiff's "complaints of shooting pains in the hips and low back [were] inconsistent with recuperation following surgery." (Obj. at 5) (emphasis added).  To the contrary, as discussed in the Report and Recommendation, the ALJ found plaintiff's subjective symptom allegations less credible because plaintiff's testimony at the October 2010 hearing (*i.e.*, that plaintiff experienced shooting pain in his hips and low back (AR 71)) was inconsistent with plaintiff's earlier statements to medical professionals that plaintiff's condition had progressively improved after his September 2009 hip surgery.  (Report and Recommendation at 12).  Similarly, the ALJ noted that plaintiff's May 13, 2010 assertion that Dr. Dennis had affirmatively recommended "lower back surgery" for plaintiff was inconsistent with Dr. Dennis' contrary assertion in a December 14, 2009 treatment note (*i.e.*, "I do not really think that [plaintiff] will need surgical intervention.").  (AR 25, 405, 409, 451). The ALJ was entitled to discount the credibility of plaintiff's subjective complaints based on such inconsistencies.  See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) ("In assessing the claimant's credibility, the ALJ may use 'ordinary techniques of credibility evaluation,' such as considering the claimant's reputation for truthfulness and any inconsistent statements in her testimony.").  Again, the Court will not second-guess the ALJ's reasonable evaluation of plaintiff's credibility even if, as plaintiff argues (Obj. at 5-7), the record evidence could give rise to inferences more favorable to plaintiff.  See Robbins, 466 F.3d at 882.

    IT IS HEREBY ORDERED that (1) the decision of the Commissioner of Social Security is affirmed; and (2) judgment be entered accordingly.

    IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Report and Recommendation, and the Judgment on counsel for the parties.

DATED: _November 19, 2012_

_____
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE